## ARGUED AND DETERMINED

IN THE

# SUPREME COURT

OF

# NORTH DAKOTA

---

James N. Brown v. C. C. Newman, E. J. Hodgson, Mary S. Hodgson, et al.

Opinion filed December 15, 1905.

**Quieting Title — Adjudication as of Date of Judgment.**

    1. In actions to determine adverse claims to real estate, the adjudication should dispose of the conflicting claims arising under the pleading as of the date of the judgment.

**Same — Review Upon Findings and Judgment.**

    2. Where, in such an action, the trial court has, without satisfactory reason disclosed by the record, limited its adjudication to the commencement of the action, and a review is had in this court upon the findings and judgment and not upon the evidence, the judgment will be reversed and a new trial ordered.

Appeal from District Court, Sargent county; *Lauder, J.*

Action by James N. Brown against Mary S. Hodgson. Judgment for defendant, and plaintiff appeals.

Reversed.

*Slattery & Slattery* and *Purcell, Bradley & Divet,* for appellants.

Question upon the correctness of the court's conclusion from the findings may be reviewed without a statement of the case. Schneller v. Plankinton et at., 12 N. D. 561, 98 N. W. 77.

The court cannot ignore the issues and facts presented and enter judgment with conditions attached, not justified by the pleadings

and facts, leave the controversy open and further litigation necessary to determine the identical questions presented. Quint v. Mc-Mullin, 37 Pac. 381.

A judgment should adjust the rights at the date of its entry. Randall v. Brown, 2 How. 406, 11 L. Ed. 318; Peck v. Godberlett, 16 N. E. 350.

The court will not notice changes taking place pending the action. Mechanics Bank v. Selton, 1 Pet. 297, 7 L. Ed. 152.

When title is shown in a certain person, it is presumed to continue there until it otherwise appears. 1 Jones on Evidence, sections 52-53; Weeks v. Cranmer et al., 101 N. W. 32; Kidder v. Sterns, 60 Cal. 414; Colman v. Rice, 31 S. E. 424; Currier v. Gale, 9 Allen, 522; Magee v. Scott, 9 Cush. 148, 55 Am. Dec. 49.

Where the court fails to incorporate a fact in its findings, it is presumed to have been found against him having the burden of proof. Meeker et al. v. Shanks et al., 13 N. E. 712; Western Union Tel. Co. v. Brown, 8 N. E. 171; 46 Cent. Dig. Col. 2226-27.

*Chas. E. Wolfe, J. E. Bishop* and *C. D. Austin,* for respondent.

The court will not confer its equitable relief upon the party seeking its aid unless he has conceded all the equitable rights belonging to the adverse party. De Walsh et ux. v. Braman, 43 N. E. 597; Booth et al. v. Hoskins, 17 Pac. 225; Edward v. Helm, 5 Ill. 143; I. Pom. Eq. Jur., section 388; 16 Cyc. 483; Walden et al. v. Bodley et al., 14 Pet. 155, 10 L. Ed. 398; Bliss v. Rice, 17 Pick. 39.

YOUNG, J. *The plaintiff appeals from a judgment in an action to determine adverse claims to real estate. His complaint is in the statutory form.* Mary S. Hodgson alone answered. Her answer, in addition to a general denial, sets forth a claim of absolute ownership arising from a purchase of the premises on February 9, 1898, at a tax judgment sale under chapter 67, p. 76, Laws 1897, by C. D. Matteson, and the subsequent assignment to her of the tax sale certificate. The trial court found that the land was patented to one Norris; that Norris conveyed to the plaintiff Brown, and that the latter had never conveyed the same; that on February 9, 1898, the premises were regularly sold to one C. D. Matteson, under a tax judgment duly rendered under chapter 67, p. 76, Laws 1897; that on January 15, 1902, the certificate of sale was duly assigned to the defendant, Mary S. Hodgson, and that there has

been no redemption from said sale; that none of the defendants have any interest in the premises "except the estate or interest of said Mary S. Hodgson under or growing out of the said certificate of sale under said tax judgment." As conclusions of law the court found that, as to all of the defendants except Mary S. Hodgson, the plaintiff was the owner in fee simple and entitled to immediate possession; that, as to Mary S. Hodgson, the plaintiff was, on March 12, 1904, which was the date of the commencement of this action, the owner in fee simple and entitled to possession, but that said Mary S. Hodgson had a valid lien under her certificate for $266.54; that she was entitled to her costs; that the plaintiff is entitled to judgment, but "limited in its operation and effect, so far as it touches the right of the defendant, Mary S. Hodgson, under the sheriff's certificate of tax judgment sale to their rights as they existed on the 12th day of March, 1904."

The plaintiff has not brought the case to this court for a trial de novo upon the evidence. His assignments are upon the judgment roll proper. His counsel contend that error appears upon the face of the judgment roll, in this, that the trial court determined the rights of the parties as of the date of the commencement of the action instead of the date of the judgment. In our opinion, the contention is sound and must be sustained. In actions to determine adverse claims to real estate, such as this, the adjudication should dispose of all conflicting claims arising under the pleadings as of the date of the judgment. If this is not done, the purpose of the action is not accomplished, and the conflicting rights of the parties are not in fact determined. It was the duty of the court under the pleadings in this case to determine the character and extent of the conflicting claims as of the date of the judgment. This was not done. The findings of fact, conclusions of law and judgment, it will be noted, are limited to the date of the commencement of the action. It is possible that facts may sometimes arise which would make it proper to limit the adjudication, but the judgment roll in this case discloses no such facts. The defendant has attempted to bring before this court in an amended abstract certain matters which he claims warranted the court in limiting its adjudication. We agree with counsel for appellant, on his motion to strike out the amended abstract, that the matters therein contained could only be made a part of the judgment roll by being settled in a statement of case. This not having been done, they cannot therefore be considered. This appeal does not present the

question of the necessity for amended pleadings, where an interest or estate is acquired after the commencement of the action, and we express no opinion upon that point. The error which is patent upon the face of the judgment roll, and which requires us to reverse the judgment and order a new trial, is that the questions of law and fact arising under the pleadings as they stand were not determined.

The appellant's request that this court modify the judgment so as to make it effective in form and substance as rendered, but as of the date of its rendition, instead of granting a new trial, cannot be granted. This would require us to find upon the issues of fact subsequent to the commencement of the action which the trial judge omitted to find upon. The case is here for review only upon the judgment roll proper. There has been no determination of the issues between the commencement of the action and the date of the judgment, and they cannot be determined except upon the evidence. Had the appellant brought the case here for trial de novo upon the evidence, he would be in a position to urge, as he does, that the title will be presumed to be in the same condition at the date of the judgment as it was when the action was commenced. In the absence of countervailing evidence, the presumption would prevail, and would sustain a finding such as appellant, in effect, asks us to make. See Jones on Evidence, sections 52, 53. The case, however, is not here for trial anew. It is here upon the findings, conclusions and judgment, which fairly show that the issues of fact and of law as to the defendant Mary S. Hodgson were only determined by the trial court as of the date of the commencement of the action. It is clear we cannot determine the state of the title thereafter, in the absence of an appeal bringing up the evidence for a trial anew.

Judgment reversed and new trial ordered. All concur.